UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PETER GROGAN                                                CIVIL ACTION

VERSUS                                                      NO. 05-3098

JEWEL MARINE, INC.                                          SECTION "F"

ORDER AND REASONS

Before the Court are two motions: (i) the defendant's motion for summary judgment and (ii) the plaintiff's motion to sever his maintenance and cure claim. For the reasons that follow, the defendant's motion is GRANTED in part and DENIED in part and the plaintiff's motion is DENIED.

Background

Peter Grogan, a deckhand employed by Jewel Marine, claims that he was injured on July 10, 2005 while working aboard the M/V CRYSTAL CLEAR when he tripped over an orange extension cord (one-quarter inch in diameter) and fell down a stairway.[1] Claiming that he hurt his neck, arm, and back in the fall, Grogan sued Jewel

---

[1] Captain Jim Carter was repositioning instruments in the wheelhouse and, in that process, used a 50 foot extension cord and half-inch drill. At one point after Captain Carter left the wheelhouse to get a drink, plaintiff was alone in the wheelhouse. Plaintiff alleges that he stepped over the coiled extension cord and his foot got caught, causing him to fall down a flight of stairs. Hearing a series of thumps, Captain Carter and Deckhand Gilbert Arceneaux saw Grogan at the bottom of the stairs and called 911.

1

Marine for maintenance and cure, and for damages for Jones Act negligence and unseaworthiness of the vessel.

Defendant now seeks summary judgment on plaintiff's Jones Act and unseaworthiness claims.[2] Plaintiff seeks to sever his demand for maintenance and cure from his other Jones Act and unseaworthiness claims and asks this Court to have an expedited bench trial on his maintenance and cure claim.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely

---

[2] Jewel Marine contends that the plaintiff faked the accident.  However, for the purposes of its summary judgment motion, defendant assumes that the plaintiff tripped over the extension cord and fell down the stairs.

colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Application

### A.

Under the Jones Act, 46 U.S.C. § 688, a seaman's employer is liable for damages if the employer's negligence caused the seaman's injury. Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 335 (5th Cir. 1997). The Jones Act employer's duty to provide a safe place to work is broad in scope, but it is not a form of strict liability. Webre v. Azalea Fleet, Inc., No. 03-1190, 2005 WL 711608, at *3 (E.D. La. March 23, 2005) (citation omitted).

Ordinary prudence under the circumstances is the standard for the duty of care owed by an employer to a seaman.  Id. at 335-36.  Likewise, seamen are held to the standard of the reasonable seaman in like circumstances, which include the employee's reliance on his employer to provide a safe working environment and the seaman's experience, training, or education.  Id. at 339.

Jewel Marine contends that Grogan was solely responsible for the incident because the extension cord was conspicuous and in the same location as when he had walked through the wheelhouse and stepped over the cord just moments before returning there, before he tripped.[3]  Grogan, however, responds that accepting defendant's argument that the extension cord was conspicuous does not undermine Jewel Marine's negligence in leaving the extension cord on the floor or failing to rope off the work area.

Whether it was reasonable for Captain Carter to leave the extension cord on the floor where someone might trip over it is a question of fact precluding summary judgment.  There is no duty to instruct an experienced seaman on matters within common sense, or to remind him of what he already knew or should have known.  Webre,

---

[3] Defendant invokes Grogan's deposition testimony where he agreed that "moments before...the cord was in the same condition...as at the time of [the] accident" and that he had successfully avoided the cord when he had previously walked through the wheelhouse and further that he would not have fallen had he sufficiently stepped over the cord.  Defendant further points to Grogan's concession that he did not deem the location of the extension cord to be a hazard because, if he had, he would have moved the cord.

2005 WL 711608, at *3 (citation omitted).  However, contributory negligence does not bar recovery under the Jones Act.  See Gavagan v. United States, 955 F.2d 1016, 1019 (5th Cir. 1992).

In this case, the record shows that at least a portion of the extension cord was laying on the floor, running from the power source to the drill that was sitting in a chair when Captain Carter left the room to get a drink.  Whether the mere presence of the extension cord in a place where crewmembers had or may walk was an arguably unsafe condition is a question of fact for the jury.  This is sufficient to survive summary judgment on plaintiff's Jones Act claim. See In re Crewboats, Inc., No. Civ. A. 02-2023, 2003 WL 21018858, at *2 (E.D. La. May 5, 2003) ("If the defendant's negligence played any part, however small, in producing the seaman's injury, it results in liability") (quoting Brister v. A.W.I., Inc., 946 F.2d 350, 355 (5th Cir. 1991)).

B.

A ship is seaworthy if it is "reasonably fit for its intended use." Hamilton v. Seariver Mar., Inc., Civ. A. No. 94-1263, 1995 WL 133335, at *4 (E.D. La. 1995). "[A]n isolated personal negligent act of the crew" is not enough to render a ship unseaworthy. Daughdrill v. Ocean Drilling & Exploration Co., 709 F. Supp. 710, 712 (E.D. La. 1989). Instead, there should be evidence of "a congeries of acts." Id. (quoting Robinson v. Showa Kaiun K.K., 451 F.2d 688, 690 (5th Cir. 1971)).

The only evidence Grogan offers of the ship's unseaworthiness consists of the extension cord that Captain Carter left unattended in the wheelhouse for less than ten minutes in the course of an operation that Captain Carter had been conducting (an operation with which Grogan had briefly assisted Captain Carter) for about an hour and a half.  Grogan does not suggest that having the drill out while repositioning electronics at the stern controls was a common practice on the ship.  In fact, the record shows that this operation was undertaken at Captain Carter's discretion because the vessel happened to be on standby due to Hurricane Dennis.  Thus, at most, the condition stems from "an isolated personal negligent act of the crew" and not the ship's unseaworthiness.

Grogan has done nothing more than deny that the unattended extension cord left on the floor was simply an isolated act of Captain Carter.  Because Grogan has not presented any evidence that would suggest that the M/V CRYSTAL CLEAR was unseaworthy, Jewel Marine is entitled to summary judgment on the plaintiff's general maritime law claim.

C.

Plaintiff asks the Court to sever his demand for maintenance and cure and hold an expedited bench trial.  He says this is necessary because the recommended lumbar surgery has not been performed because of defendant's refusal to pay maintenance and cure.  Plaintiff further suggests that a bench trial on the issue

of maintenance and cure will resolve other related factual issues that may make a jury trial unnecessary.

Plaintiff fails to persuade the Court to compromise judicial economy and efficiency in favor of severing his maintenance and cure claims for expedited trial. A jury trial on plaintiff's claims for maintenance and cure and Jones Act negligence is set for October 30, 2006. Plaintiff says that defendant's refusal to pay maintenance and cure is based on defendant's unsupported assertion that plaintiff did not fall down the stairway but instead staged the accident. Yet plaintiff does not ask the Court to determine whether plaintiff is entitled to maintenance and cure on the current record; rather, he asks the Court to hold two separate trials on his alleged accident.

Severance is inappropriate. The plaintiff fails to convince the Court that severance would accomplish anything at this stage, given the upcoming trial date. Any interest the plaintiff has in severance fails to outweigh the Court's interest in judicial economy and efficiency, as well as fairness to the defendant and all witnesses. Plaintiff does not suggest that he is destitute or that the defendant's refusal to pay maintenance and cure for another two months cannot be remedied by an award of money damages. Cf. Tate v. American Tugs, Inc., 634 F.2d 869, 871 (5th Cir. 1981) (denying preliminary injunction to increase maintenance payments where seaman pleaded no desperate urgency).

Accordingly, the plaintiff's motion to sever demand for maintenance and cure is DENIED and the defendant's motion for summary judgment is GRANTED in part and DENIED in part. The plaintiff's unseaworthiness claim is hereby dismissed.

New Orleans, Louisiana, September 11, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE